LEE LITIGATION GROUP, PLLC
CK Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BERNARDA TORRES ANGON<br>*on behalf of herself, FLSA Collective Plaintiffs,*<br>*and the class,*<br><br>Plaintiff,<br><br>v.<br><br>FAY DA MANUFACTURING CORP.,<br>PATISSERIE DE FAY DA, LLC.,<br>BOULANGERIE DE FAY DA INC.,<br>LE PAIN SUR LE MONDE INC.,<br>BRAVURA SKY VIEW CORP.,<br>PANARIUM KISSENA INC.,<br>PANARIUM INC.,<br>LE PETIT PAIN INC.,<br>FAY DA ON BROADWAY LLC,<br>FAY DA ROOSEVELT GEN 2 CORP.,<br>FAY DA MOTT ST., INC.,<br>LA PAN MIETTE INC.,<br>BRAVURA PATISSERIE (BELL BLVD)<br>    CORP.,<br>CJJ FAY DA GROUP LLC,<br>HAN CHIEH CHOU,<br>JAMES CHOU,<br>and KELLEN CHOW<br><br>Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION**<br>**COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff BERNARDA TORRES ANGON ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this class and collective action Complaint against Defendants FAY DA MANUFACTURING CORP.,

PATISSERIE DE FAY DA, LLC., BOULANGERIE DE FAY DA INC., LE PAIN SUR LE MONDE INC., BRAVURA SKY VIEW CORP., PANARIUM KISSENA INC., PANARIUM INC., LE PETIT PAIN INC., FAY DA ON BROADWAY LLC, FAY DA ROOSEVELT GEN 2 CORP., FAY DA MOTT ST., INC., LA PAN MIETTE INC., BRAVURA PATISSERIE (BELL BLVD) CORP., CJJ FAY DA GROUP LLC, (collectively, "Corporate Defendants") HAN CHIEH CHOU, JAMES CHOU, and KELLEN CHOW ("Individual Defendants") (each individually, "Defendant" or, collectively, "Defendants" or "Fay Da Bakery") and states as follows:

## INTRODUCTION

1.    Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation, (2) unpaid wages due to time-shaving, (3) liquidated damages, and (4) attorneys' fees and costs.

2.    Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation, (2) unpaid wages due to time-shaving, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

3.    Plaintiff further alleges damages under the Internal Revenue Code, 26 U.S.C. § 7434 for relief, damages, fees, and costs in this matter due to Defendants willful fraudulent filing of tax information.

4.    The IRS will be notified of this Complaint pursuant to the Internal Revenue Code requirement. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS

upon the filing of such complaint with the court." 26 U.S.C. § 7434(d) forms with the Internal Revenue Service ("IRS").

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

7.      Plaintiff BERNARDA TORRES ANGON is a resident of Kings County of New York.

8.      Defendants collectively own and operate thirteen (13) bakeries in New York City under the common trade name "Fay Da Bakery".

9.      The Bakeries operate as a single integrated enterprise under the common control of the Defendants. Defendants own and operate thirteen (13) bakeries in New York City, located at:

    a.  259 Meserole St, Brooklyn, NY 11206;

    b.  107-50 Queens Blvd, Forest Hills, NY 11375;

    c.  133-51 41st Ave, Flushing, NY 11355;

    d.  136-18 39th Ave, Queens, NY 11354;

    e.  321 6th Ave, New York, NY 10014;

    f.  40-24 College Point Blvd, Flushing, NY 11354;

    g.  41-33 Kissena Blvd, Flushing, NY 11355 (closed on 6/27/2021);

    h.  41-60 Main St, Flushing, NY 11355;

     i.  46-15 Kissena Blvd, Flushing, NY 11355;

     j.  61-31 Roosevelt Ave, Woodside, NY 11377;

     k.  75-08 Broadway, Elmhurst, NY 11373;

     l.  83 Mott St, New York, NY 10013; and

     m.  86-12 Justice Ave, Elmhurst, NY 11373;

(collectively, the "Bakeries"). These Bakeries are listed on the Fay Da Bakery website as of August 2021, *See* **Exhibit A**.

10.    All the Bakeries are operated as a single integrated enterprise under the common control of the Defendants. Specifically, the Bakeries are engaged in related activities, share common ownership, and have a common business purpose.

    a.  The Bakeries are under the common control of the Corporate and Individual Defendants. Specifically, Individual Defendants operate the totality of the Bakeries as they personally assert on their website, social media, and interviews. *See* **Exhibit B**.

    b.  The Bakeries advertise jointly on Defendants' website: https://fayda.com/. Bakeries are listed alongside one another under the "Locations – Hours of Operations" section of the website. *See* **Exhibit A**.

    c.  The Bakeries establishments serve similar baked goods and all share similar décor and appearance. *See* **Exhibit C.**

    d.  In fact, through Defendants shared website, customers can order online and choose any location to collect their orders. Moreover, Defendants' gift cards and coupons can be exchanged at any location indistinctively. *See* **Exhibit D.**

e.  The Bakeries share social media accounts, such as Instagram:

https://www.instagram.com/faydabakery/,Twitter:

https://twitter.com/faydabakery,  and Facebook:

https://www.facebook.com/faydabakery. *See* **Exhibit E**,

f.  The Bakeries use a common trademark, which appears at all banners, signs, social media accounts, menus, cups, napkins, products, and advertisement. *See* **Exhibit F**.

g.  All Bakeries have a centralized Human Resources that deals with hiring, firing, and administering all the Bakeries work force. Moreover, all the bakeries have a centralized platform for hiring. *See* **Exhibit G**.

h.  All locations share a common bakery where the products are baked and packed. The products are delivered from the bakery to all the Bakeries' locations on a daily basis. All the Bakeries have common and shared trucks, materials, delivery, and personnel.

11.  Defendants operate the Bakeries through the following Corporate Defendants:

a)  Corporate Defendant, FAY DA MANUFACTURING CORP., is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 259 Meserole St, Brooklyn, NY 11206.

b)  Corporate Defendant, PATISSERIE DE FAY DA, LLC., is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 107-50 Queens Blvd, Forest Hills, NY 11375.

c)  Corporate Defendant, BOULANGERIE DE FAY DA INC., is a domestic business corporation organized under the laws of New York, with a principal place of business located at 136-18 39th Ave, Queens, NY 11354 and an address for service of process located at 259 Meserole St, Brooklyn, NY 11206.

d)  Corporate Defendant, LE PAIN SUR LE MONDE INC., is a domestic business corporation organized under the laws of New York, with a principal place of business located at 321 6th Ave, New York, NY 10014 and an address for service of process located at 259 Meserole St, Brooklyn, NY 11206.

e)  Corporate Defendant, BRAVURA SKY VIEW CORP., is a domestic business corporation organized under the laws of New York, with a principal place of business located at 40-24 College Point Blvd, Flushing, NY 11354 and an address for service of process located at 259 Meserole St, Brooklyn, NY 11206.

f)  Corporate Defendant, PANARIUM KISSENA INC., is a domestic business corporation organized under the laws of New York, with a principal place of business located at 41-33 Kissena Blvd, Flushing, NY 11355 and an address for service of process located at 259 Meserole St, Brooklyn, NY 11206.

g)  Corporate Defendant, PANARIUM INC., is a domestic business corporation organized under the laws of New York, with a principal place of business located at 41-60 Main St, Flushing, NY 11355 and an address for service of process located at 259 Meserole St, Brooklyn, NY 11206.

h)  Corporate Defendant, LE PETIT PAIN INC., is a domestic business corporation organized under the laws of New York, with a principal place of business located

at 46-15 Kissena Blvd, Flushing, NY 11355 and an address for service of process located at 192 Siegal St. Brooklyn, NY, 11206.

i)  Corporate Defendant, FAY DA ON BROADWAY LLC, is a domestic business corporation organized under the laws of New York, with a principal place of business located at 61-31 Roosevelt Ave, Woodside, NY 11377 and an address for service of process located at 259 Meserole St, Brooklyn, NY 11206.

j)  Corporate Defendant, FAY DA ROOSEVELT GEN 2 CORP, is a domestic business corporation organized under the laws of New York, with a principal place of business located at 75-08 Broadway, Elmhurst, NY 11373 and an address for service of process located at 259 Meserole St, Brooklyn, NY 11206.

k)  Corporate Defendant, FAY DA MOTT ST., INC., is a domestic business corporation organized under the laws of New York, with a principal place of business located at 83 Mott St, New York, NY 10013 and an address for service of process located at 192 Siegal St. Brooklyn, NY, 11206.

l)  Corporate Defendant, LA PAN MIETTE INC. is a domestic business corporation organized under the laws of New York, with a principal place of business located at 86-12 Justice Ave, Elmhurst, NY 11373 and an address for service of process located at 192 Siegal St. Brooklyn, NY, 11206.

m) Corporate Defendant, BRAVURA PATISSERIE (BELL BLVD) CORP. is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 259 Meserole St, Brooklyn, NY 11206.

n) Corporate Defendant, CJJ FAY DA GROUP LLC is a domestic business corporation organized under the laws of Connecticut, with a principal place of business and an address for service of process located at 350 Trolley Line Blvd., Mashantucket, CT 06338.

12.     Individual Defendant HAN CHIEH CHOU is an owner and founder of Corporate Defendants. Defendant HAN CHIEH CHOU exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. Defendant HAN CHIEH CHOU exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees could complain to Defendant HAN CHIEH CHOU directly regarding any of the terms of their employment, and Defendant HAN CHIEH CHOU had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

13.     Individual Defendant JAMES CHOU is the General Manager and principal of Corporate Defendants. Defendant JAMES CHOU exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant JAMES CHOU exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to

Defendant JAMES CHOU directly regarding any of the terms of their employment, and Defendant JAMES CHOU had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

14.    Individual Defendant KELLEN CHOW is an owner and principal of Corporate Defendants. Defendant KELLEN CHOW exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant KELLEN CHOW exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant KELLEN CHOW directly regarding any of the terms of their employment, and Defendant KELLEN CHOW had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

15.    At all relevant times, Corporate Defendants were and continue to be "enterprises engaged in commerce" within the meaning of the FLSA, NYLL, and regulations thereunder.

16.    At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members was directly essential to the business operated by Defendants.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

17.     Plaintiff BERNARDA TORRES ANGON brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, (including but not limited to bakers, cake decorators, pastry producers, kitchen helpers, counter staff, cashiers, baristas, unloaders, drivers, and cleaning persons) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

18.     At all relevant times, Plaintiff BERNARDA TORRES ANGON and FLSA Collective Plaintiffs have been and are similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in a willful failure and refusal to pay Plaintiff BERNARDA TORRES ANGON and FLSA Collective Plaintiffs for (i) all overtime hours worked  at one-and-one half times their base hourly rates for each hour worked in excess of forty (40) per workweek, and (ii) their proper wages due to a policy of time-shaving. Plaintiff BERNARDA TORRES ANGON's claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

19.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

20.     Plaintiff brings claims for relief pursuant to the Federal Rule of Civil Procedure ("F.R.C.P.") 23, on behalf of all current and former non-exempt employees, (including but not limited to bakers, cake decorators, pastry producers, kitchen helpers, counter staff, cashiers, baristas, unloaders, drivers, and cleaning persons) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class" or "Class Members").

21.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

22.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

23.     Plaintiff BERNARDA TORRES ANGON's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subjected to the same corporate practices of Defendants, including (i) failing to pay overtime premium, (ii) failing to pay wages for all hours worked due to time-shaving  (iii), failing to pay spread of hours, (iv) failing to provide wage statements in compliance with the New York Labor

Law, (v) failing to provide proper wage and hour notices upon hiring and as required thereafter pursuant to the New York Labor Law, and (vi) filing fraudulent tax information regarding their employment to the IRS. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures by Defendants.

24.    Plaintiff BERNARDA TORRES ANGON is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff BERNARDA TORRES ANGON is represented by attorneys who are experienced and competent in both class action litigation as well as employment litigation and have previously represented plaintiffs in wage and hour cases.

25.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the

claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a)   Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

   b)   What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class members properly;

c)   At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

d)   Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

e)   Whether Defendants paid Plaintiff and the Class members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

f)   Whether Defendants operated their business with a policy of failing to pay Plaintiffs and the Class members for all hours worked due to a policy of time-shaving;

g)   Whether Defendants paid the "spread of hours" premium owed to Plaintiff and the Class members working more than ten hours per day as required by New York Labor Law;

h)   Whether Defendants provide to Plaintiff and the Class members proper wage and hour notices at date of hiring as required under the New York Labor Law.

i)   Whether Defendants provided proper wage statements informing the Plaintiff and the Class members of their proper overtime rate of compensation and other information required to be provided on wage statements, as required under the New York Labor Law;

j)   Whether Defendants provided to Plaintiff and the Class members proper wage statements with each payment of wages, as required under the New York Labor Law;

k) Whether Defendants failed to withhold taxes from the Plaintiff and the Class wages; and

l) Whether Defendants provided Plaintiff and the Class with accurate tax statements for each tax year that they worked.

## STATEMENT OF FACTS

28.    On or around 2015, Plaintiff BERNARDA TORRES ANGON was hired by Defendants to work as a baker for Fay Da Bakery's bakery located at 259 Meserole St, Brooklyn, NY 11206. Plaintiff's employment with Defendants terminated in or around May 2021.

29.    As part of Plaintiff BERNARDA TORRES ANGON duties at Defendants, she and other baked and prepared the supplies and items sold at each of Defendants' bakeries throughout the city.

30.    Throughout her employment with Defendants, Plaintiff BERNARDA TORRES ANGON was scheduled to work six (6) days per week on the following shifts:

a) From the beginning of her employment until March 2020: Sundays to Fridays from 06:00 a.m. to 4:00 p.m.; for a total of sixty (60) hours per week.

b) From March 2020 until May 2021: Sundays to Fridays from 6:00 a.m. to 3:00 p.m.; for a total of fifty-four (54) hours per week.

During Plaintiff's BERNARDA TORRES ANGON employment with Defendants, FLSA Collective Plaintiffs and Class members worked similar hours.

31.    Throughout her employment with Defendants, Plaintiff TORRES ANGON was compensated at a straight time hourly rate at, or slightly above, the regular minimum wage rate regardless of the number of hours worked in any given week, including overtime hours.

Similarly, FLSA Collective Plaintiffs and Class members were paid at a straight time hourly rate for all of their hours worked, including overtime hours.

32.     Throughout her employment with Defendants, Plaintiff BERNARDA TORRES ANGON was paid by a payroll check for her initial thirty-five (35) hours to forty (40) hours of work, and in cash for hours worked in excess of this initial thirty-five (35) to forty (40) hours per week at a straight time rate. Class members were similarly paid through payroll for their first thirty-five (35) hours to forty (40) hours and with cash for their remainder hours including overtime hours at a straight time rate.

33.     At all times during her employment, Plaintiff BERNARDA TORRES ANGON received paystubs with proper tax deductions and withholdings for her initial thirty-five (35) hours worked every week. However, Plaintiff BERNARDA TORRES ANGON was not provided any wage statement representing her cash payments for her hours worked in excess of thirty-five (35) to forty (40) hours per week. Similarly, FLSA Collective Plaintiffs and Class members received wage statements with their weekly payments representing 35 hours of work through payroll with tax deductions and withholdings, however no wage statements for their overtime hours, which were paid at a straight time rate in cash.

34.     In addition, Plaintiff BERNARDA TORRES ANGON never received from Defendants any tax form regarding the overtime hours payments made in cash. Similarly, FLSA Collective Plaintiffs and Class members who received overtime hours payments by cash without tax deductions ever received a tax form from Defendants reporting such wages.

35.     Moreover, throughout Plaintiff's employment, Defendants avoided paying her overtime premiums of one-and-half times her regular rate of pay for her hours worked in excess

of forty (40) hours per week, as required under the FLSA and NYLL. Class members similarly were not paid overtime premium when they worked overtime hours.

36.     Defendants had a policy of automatically deducting one (1) hour each workday for a meal break. However, Plaintiff BERNARDA TORRES ANGON often was required to work though her meal break on a daily basis. Similarly, FLSA Collective Plaintiffs and Class members were not permitted to take a free and clear meal break.

37.     Throughout her employment with Defendants, Plaintiff BERNARDA TORRES ANGON was required to work shifts exceeding ten (10) hours in duration at least once per week and would never receive spread of hours premium. Similarly, Class Members were frequently required to work shifts exceeding ten (10) hours in duration for which they were not paid spread of hours premium.

38.     Defendants never provided Plaintiff BERNARDA TORRES ANGON with a proper wage notice as required by the NYLL. Similarly, FLSA Collective Plaintiffs and Class Members were never provided with proper wage notices.

39.     Defendants did not provide Plaintiff BERNARDA TORRES ANGON with proper wage statements at all relevant times. Similarly, the Class members also did not receive proper wage statements, in violation of the NYLL.

40.     Defendants had a legal obligation to file accurate tax statements with the IRS. Defendants' actions were willful and showed reckless disregard for the provisions of the Internal Revenue Code. While Defendants provided their employees with wage statements for their work performed during their scheduled hours, Defendantsss paid Plaintiff and Covered Employees separately for their additional work that exceeded 40 hours in cash. For this policy of paying their employees with different methods, Defendants failed to properly record, account for, and

report to the IRS all monies paid to Plaintiff and Covered Employees for all of the work performed during their employment with Defendants.

41.     In or around August 2021, Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

42.     Plaintiff realleges and reavers Paragraphs 1 through 41 of this class and collective action Complaint as if fully set forth herein.

43.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

45.     At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

46.     At all relevant times, Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for overtime hours worked in excess of forty (40) hours worked each week at one-half of the regular rate.

47.     Al all relevant times, Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for all hours worked due to a policy of time-shaving.

48.     Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

49.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

50.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

51.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime premium, and an equal amount as liquidated damages.

52.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to the FLSA.

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

## <u>ON BEHALF OF PLAINTIFF AND CLASS MEMBERS</u>

53.    Plaintiff realleges and reavers Paragraphs 1 through 52 of this class and collective action Complaint as if fully set forth herein.

54.    At all relevant times, Plaintiff and the Class members were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

55.    At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and the Class Members for overtime hours worked in excess of 40 (forty) hours at one-half the regular rate.

56.    At all relevant times, Defendants had a policy and practice of time-shaving that failed to pay Plaintiffs and FLSA Collective Plaintiffs for all hours worked.

57.    In addition, Defendants willfully violated Plaintiff and the Class members' rights by failing to pay them spread of hours premiums required by state law.

58.    Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

59.    Defendants failed to provide a proper wage and hour notice, on the date of hiring and annually, to al non-exempt employees in direct violation of the New York Labor Law.

60.    Defendants failed to provide proper wage statements with every payment issued to Plaintiff and the Class members, as required by New York Labor Law § 195(3).

61.    Due to Defendants' New York Labor Law violations, Plaintiff and the Class members are entitled to recover from Defendants their unpaid overtime premium, unpaid spread

of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of this action.

**COUNT III**

**CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS**

**UNDER 26 U.S.C. § 7434(a)**

62.     Plaintiff realleges and reavers Paragraphs 1 through 61 of this Class and Collective Action Complaint as if fully set forth herein.

63.     By failing to provide Plaintiff, FLSA Collective Plaintiffs and Class Members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff, FLSA Collective Plaintiff and Class Members as compensation for all of the work Plaintiff, FLSA Collective Plaintiff and Class Members performed during the course of their employment with Defendants, and failing to withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

64.     Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff BERNARDA TORRES ANGON, on behalf of herself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award of unpaid overtime compensation under the FLSA and NYLL;

d. An award of unpaid spread of hours premium due under the NYLL;

e. An award of statutory penalties as a result of Defendants' failure to comply with wage statement requirements under the NYLL;

f. An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages pursuant to the FLSA or NYLL;

g. An award of pre-judgment and post-judgment interest, costs, and expenses of this action, together with reasonable attorneys' and expert fees;

h. Designation of Plaintiff BERNARDA TORRES ANGON as Representative of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiff BERNARDA TORRES ANGON as a Representative of the Class;

k. Damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction;

l. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.


Dated: August 24, 2021                    Respectfully submitted,

                                          LEE LITIGATION GROUP, PLLC

                              By:    */s/ C.K. Lee*

                                     C.K. Lee (CL 4086)
                                     Anne Seelig (AS 3976)
                                     148 West 24th Street, 8th Floor
                                     New York, NY 10011
                                     Tel.: 212-465-1188
                                     Fax: 212-465-1181
                                     *Attorneys for Plaintiff,*
                                     *FLSA Collective Plaintiffs,*
                                     *and the Class*